UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CARLOS SALAZAR ZAVALA<br>    Petitioner,<br><br>VS.<br><br>LORIE DAVIS, Director, Texas Department<br>of Criminal Justice, Correctional Institutions<br>Division,<br>    Respondent. | §<br>§<br>§<br>§   CIVIL ACTION NO. 7:18-cv-00247<br>§<br>§<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION

Petitioner, Mr. Carlos Salazar Zavala, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C § 2254. (Docket Entry No. 1.) This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). Petitioner is currently in state custody for possession of marijuana and aggravated kidnapping and is scheduled to be released on October 30, 2020.[1] Petitioner asserts that he was given an immigration detainer that has affected his ability to be granted parole. As discussed *infra*, the petition is considered pursuant to 28 U.S.C. § 2241.

Petitioner appears to be challenging the issuance of an immigration detainer. Petitioner seeks a determination from this Court that he is a United States citizen and, therefore, not subject to removal or an immigration detainer. Petitioner's citizenship claim is only cognizable by a petition for review by a Court of Appeals. 8 U.S.C. § 1252(a)(5), (b)(5)(A, C); *Omolo v. Gonzales*, 452 F.3d 404, 406-07 (5th Cir. 2006); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735-36 (5th Cir. 2005), *cert. denied*, 546 U.S. 1106, 126 S.Ct. 1055,

---

[1] *Offender Information Details*, Texas Department of Criminal Justice (last visited Aug. 13, 2018), https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08571595.

1

163 L.Ed.2d 882 (2006). The Court lacks jurisdiction to consider Petitioner's petition and, therefore, the undersigned recommends that Petitioner's claims under 28 U.S.C. § 2554 be **DENIED** and **DISMISSED**.

## BACKGROUND

Petitioner is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") pursuant to judgement and sentence from the 370th Judicial District Court of Hidalgo County, Texas in a criminal cause number CR-958-12-G. (Docket Entry No. 1 at 2.) Notwithstanding his custody in state prison, Petitioner seeks relief through 28 U.S.C. § 2254 and names "I.C.E." as respondent. (Docket Entry No. 1 at 1.) United States Immigration and Customs Enforcement ("ICE") is a component of the Department of Homeland Security.[2] The petition seeks the removal of an immigration detainer on three grounds, all of which concern Petitioner's status as a U.S. citizen. (*Id.* at 6-7.)

## JURISDICTION

I. **Petitioner's application for habeas corpus should be viewed as a § 2241 petition.**

Petitioner asserts relief from an immigration detainer and relies upon the provisions of 28 U.S.C. § 2254. (*Id.* at 1, 7.) This Court must assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 17 F.3d 452, 465-66 (5th Cir. 1999); *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003)(stating that courts have the duty to raise jurisdiction *sua sponte*, when "the parties have not raised the issue"). Notwithstanding any label a petitioner may use, this Court must consider a habeas petition under the proper statutory framework. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n. 1 (5th Cir.1987)(indicating that

---

[2] *See Operational and Support Components*, Department of Homeland Security (Mar. 7, 2018), https://www.dhs.gov/operational-and-support-components.

courts may re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"); *Fisher v. Rose*, 757 F.2d 789, 792 n. 2 (6th Cir. 1985)(construing an improper § 2254 petition as a § 2241 petition).

Here, Petitioner is in state custody and is complaining of actions taken by ICE. Petitioner's scheduled release date is on October 30, 2020.[3] Section 2254 is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner is not complaining that he is in custody in violation of the Constitution. (Docket Entry No. 1 at 6-7.) Instead, Petitioner is complaining of the immigration detainer placed upon him. (*Id.* at 7.) It would therefore be proper to view the petition as an application for habeas under 28 U.S.C. § 2241(c)(3) which applies to those "in custody in violation of the Constitution or laws or treaties of the United States."

## II. For purposes of the immigration detainer, Petitioner is not "in custody".

An immigration detainer is "an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of the person's death, impending release, or transfer to another institution." *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003)(quoting *Giddings v. Chandler*, 979 F.2d 1104, 1105 n. 3 (5th Cir. 1992))[4]. The Fifth Circuit has held that the filing of an immigration detainer, alone, does not place a petitioner "in custody" for purposes of habeas proceedings. *Id.* at 540-41.

---

[3] *Offender Information Details*, Texas Department of Criminal Justice (last visited Aug. 13, 2018), https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08571595.
[4] In 2003, the Immigration and Naturalization Service ("INS") merged with the U.S. Customs Service to create ICE. *See Who We Are*, U.S. Immigration and Customs Enforcement (last updated Mar. 20, 2018), https://www.ice.gov/about.

Just as in *Zolicoffer*, Petitioner is not presently in custody on any immigration charges. Instead, he is in the custody of the TDCJ serving his nine year sentence. (Docket Entry No. 1 at 2.) Petitioner will remain in custody until October 30, 2020 unless granted parole.[5] Therefore, the Court concludes that Petitioner does not satisfy the "in custody" requirement for a habeas corpus petition. The petition should be dismissed for want of jurisdiction.

### III. Exclusive jurisdiction over a citizenship claim lies in the Court of Appeals.

Even if the Court were to assume that Petitioner could satisfy the "in custody" requirement, the District Court would still lack jurisdiction over his petition. Petitioner seeks relief from an immigration detainer with grounds based upon his claim to be a U.S. citizen. (Docket Entry No. 1 at 6-7.) Based upon the petition, it is unclear whether Petitioner is already subject to removal order or if he has yet to advance to a removal proceeding. (*Id.*) If Petitioner has yet to undergo a removal proceeding, then his claim of citizenship is premature. *See Bentley v. Dep't of Homeland Sec.*, No. 3:09-CV-0524-B, 2009 WL 1058062, at *2-3 (N.D. Tex. Apr. 17, 2009)(unpublished).

If Petitioner has a removal order against him, then he would be "in custody" for purposes of habeas corpus jurisdiction. *See Rosales v. ICE*, 426 F.3d 733, 734-36 (5th Cir. 2005)(a person subject to a final order of removal is considered to be in custody for purposed of a habeas petition). Nevertheless, the exclusive jurisdiction over his claims of citizenship lies in the Court of Appeals. The REAL ID Act of 2005 confines Petitioner to raising such claims only in a removal proceeding and a petition for review. *See* 8 U.S.C. § 1252(a)(5) and (b)(5); *Bentley*, 2009 WL 1058062 at *3. Section 1252(a)(5) denies district courts of jurisdiction over habeas petitions challenging removal orders. *Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006),

---

[5] *Offender Information Details*, Texas Department of Criminal Justice (last visited Aug. 13, 2018), https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=08571595.

4

*cert. denied*, 549 U.S. 1132, 127 S.Ct. 973, 166 L.Ed.2d 739 (2007); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006), *cert. denied*, 549 U.S. 810, 127 S.Ct. 40, 166 L.Ed.2d 18 (2006). Similarly, § 1252(b)(5) vests jurisdiction to determine a nationality claim for aliens in removal proceedings in the U.S. Court of Appeals. *Omolo v. Gonzales*, 452 F.3d 404, 407 (5th Cir. 2006).

Petitioner's motion should, therefore, be dismissed for want of jurisdiction. The dismissal is without prejudice to Petitioner's rights to pursue his remedies in a removal proceeding or in filing a petition for review in the appropriate U.S. Court of Appeals challenging any removal order. *See Bentley*, 2009 WL 1058062 at *3 (dismissing § 2241 petition by alien who sought relief from immigration detainer because the Court of Appeals has exclusive jurisdiction to review removal claims); *Escobedo v. Gonzales*, No. G-06-738, 2007 WL 128924, *1 (S.D. Tex. Jan. 10, 2007)(unpublished)(dismissing § 2241 petition by Texas state prisoner because his citizenship claim was cognizable only in the Court of Appeals in a petition for review).

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Petitioner's § 2254 motion (Docket Entry No. 1) be **DENIED**. Finally, it is recommended that Petitioner's § 2254 motion (Docket Entry No. 1) be **DISMISSED** without prejudice and the case be closed. Such a dismissal is without prejudice to Petitioner's rights to seek remedies through a removal proceeding or a petition for review in the appropriate U.S. Court of Appeals.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. The Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice

or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. GOV. SEC. 2254 CASES 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).[6]

A Petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(v)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

---

[6] The rules only require a court to grant or deny a COA for § 2254 and § 2255 motions. *See* R. GOV. SEC. 2254 CASES 11; R. GOV. SEC. 2255 CASES 11. For § 2241 motions, as this Court has decided to interpret the Petitioner's motion to be, the court may *sua sponte* rule on a COA. *See Clark v. Driver*, No. C.A. C-03-412, 2005 WL 1692885, at *3 (S.D. Tex. July 19, 2005).

The clerk of this Court shall forward a copy of this document to the parties by certified mail.

**DONE** at McAllen, Texas, this 17th day of August, 2018.

JUAN F. ALANIS
United States Magistrate Judge